# EXHIBIT A



Select Language ▼

Powered by Google **Translate**

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-055015 | Judge: | Campagnolo, Theodore |
| File Date: | 9/8/2020 | Location: | Northeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Jessica Hosler | Plaintiff | Female | David Nowakowski |
| Matthew Lee | Plaintiff | Male | David Nowakowski |
| Jana Zimmerman | Plaintiff | Female | David Nowakowski |
| Community Bridges Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 9/16/2020 | AFS - Affidavit Of Service | 9/18/2020 | |
| **NOTE:** COMMUNITY BRIDGES INC | | | |
| 9/16/2020 | AFS - Affidavit Of Service | 9/18/2020 | |
| **NOTE:** COMMUNITY BRIDGES INC | | | |
| 9/16/2020 | SUM - Summons | 9/17/2020 | |
| 9/8/2020 | COM - Complaint | 9/9/2020 | |
| 9/8/2020 | CCN - Cert Arbitration - Not Subject | 9/9/2020 | |
| 9/8/2020 | CSH - Coversheet | 9/9/2020 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

*Recorded 11:19a 9/10/2020*

David Nowakowski, Bar No. 035068
**GILLESPIE, SHIELDS,**
**GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
dnowakowski@gillaw.com
*Attorney for Plaintiff*

Please send all Court Documents to:
mailroom@gillaw.com

## SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| JESSICA HOSLER, MATTHEW LEE, AND JANA ZIMMERMAN, individuals, | Case No: CV 2020-055015 |
| Plaintiffs, | **SUMMONS** |
| v. | |
| COMMUNITY BRIDGES INC., an Arizona Corporation, | |
| Defendant. | |

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association

FROM THE STATE OF ARIZONA TO:

**COMMUNITY BRIDGES, INC.**
**Benjamin C. Runkle, stat agent**
**Gammage & Burnham PLC**
**2 N. Central Ave., 15th Floor**
**Phoenix, AZ 85004**

1. **A lawsuit has been filed against you**. A copy of the lawsuit and other court papers are served on you with this "Summons."

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the:

- Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003- 2205 OR
- Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR
- Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR
- Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

7.  Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing, please contact the judge assigned to your case. If you do not know your assigned judge, or have not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

**SIGNED AND SEALED** this date: _____

_____
Clerk of Superior Court

By: _____
                    Deputy Clerk

COPY

SEP - 8 2020

CLERK OF THE SUPERIOR COURT
B. BARRETT
DEPUTY CLERK

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

**COPY**

David Nowakowski, Bar No. 035068
**GILLESPIE, SHIELDS,**
**GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
dnowakowski@gillaw.com
*Attorney for Plaintiff*

Please send all Court Documents to:
mailroom@gillaw.com

SEP – 8 2020

CLERK OF THE SUPERIOR COURT
B. BARRETT
DEPUTY CLERK

## SUPERIOR COURT OF ARIZONA
## COUNTY OF MARICOPA

| | |
|---|---|
| JESSICA HOSLER, MATTHEW LEE, AND JANA ZIMMERMAN, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY BRIDGES INC., an Arizona Corporation, <br><br> Defendant. | Case No:  CV 2020-055015 <br><br> **PLAINTIFFS' WHISTLEBLOWER CLAIMS ARISING UNDER FLSA, AEPA, A.R.S. § 23-364(B), AND TITLE VII COMPLAINT AND DEMAND FOR JURY TRIAL** |

Matthew Lee, Jana Zimmerman, and Jessica Hosler (collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following in their Complaint against Defendant Community Bridges, Inc. ("Defendant" or "CBI"):

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Jessica Hosler ("Hosler") is an individual residing in Maricopa County Arizona and at all relevant times hereto, was employed by Defendant as defined in 29 U.S.C. § 203(e)(1) and as used in 29 U.S.C. § 207(a).

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

1

2.     Plaintiff Matthew Lee ("Lee") is an individual who at all relevant times hereto resided in Maricopa County Arizona and was employed by Defendant as defined in 29 U.S.C. § 203(e)(1) and as used in 29 U.S.C. § 207(a).

3.     Plaintiff Jana Zimmerman ("Zimmerman") is an individual residing in Maricopa County Arizona and at all relevant times hereto, was employed by Defendant as defined in 29 U.S.C. § 203(e)(1) and as used in 29 U.S.C. § 207(a).

4.     CBI is an enterprise engaged in commerce in that it meets the definition of public agency as defined in 29 U.S.C. 203(s)(1)(C). CBI is a health care organization focusing on recovery services for patients with substance addictions. In that capacity, CBI recruits medical professionals throughout Arizona and employs them at health care facilities and provides services to patients in their own homes. CBI is an employer within the meaning of 29 U.S.C. § 203(d) and as used in 29 U.S.C. § 207(a).

5.     Defendant is an Arizona corporation and caused events to occur in Arizona out of which this complaint arises by its actions or inactions, and is responsible for Plaintiff's damages.

6.     The case arises out of an employment relationship between Plaintiffs and Defendant, which was formed, and to be performed, in material part, in Maricopa County, Arizona.

7.     All conditions precedent to filing a discrimination lawsuit have been met by Matthew Lee for his retaliation claim. 42 U.S.C. § 2000e-5. Lee filed a charge of discrimination on the basis of race discrimination and retaliation with the EEOC. On August 20, 2020, the EEOC issued Lee's notice of right to sue.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax: (480) 985-7552

2

8.     Plaintiffs are properly joined in this action because their claims arise from the same common nucleus of fact and share the same fact questions. In August 2019, Plaintiffs each individually reported violations of the FLSA and other federal statutes to their supervisor at CBI, Erica Scott ("Scott"). Scott reported the information to her superior, the CEO of CBI, John Hogeboom ("Hogeboom"). Within days of Scott's reporting, she departed CBI on or about September 10, 2019. From September 11-12, 2019, each Plaintiff was terminated by CBI without cause.

9.     Subject matter jurisdiction and venue are proper in this Court.

## ALLEGATIONS RELATING TO PLAINTIFF MATTHEW LEE

10.     Lee began employment with CBI in February 2019 as its Learning and Development Manager.

11.     In April 2019, Lee's subordinate, Matt Glover, reported that himself and other employees had been asked to clock out and continue working. The employee also informed Lee that he feared retaliation if CBI learned that he complained.

12.     In April 2019, Lee reported to Scott that his subordinates complained about being ordered to clock out and continue working and therefore not receiving pay for all hours worked.

13.     At that time, Scott suggested hiring an employment attorney to resolve the complaint.

14.     Scott and Lee discussed their concerns with Executive Maddie Nichols ("Nichols"). Nichols stated that the matter would be handled at the leadership conference—a conference for managers and executives of CBI—scheduled for July 2019.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

15.     The leadership conference was held from July 22-26, 2019. Lee attended, noting that out of approximately 160 managers, only two were African American and only one Director, Erica Scott, was African American. During his speech, Hogeboom called out each Director, Senior Director, and Chief Officer—noted something about their background and history, and introduced them to the group. Hogeboom did not call out Scott—instead he ignored her. Scott was the host of the leadership meeting. He did call out Scott's deputy, Garrett Miner, a white male.

16.     On August 21, 2019, Lee's subordinate, Lamont Gibson, complained directly to him about race discrimination he had seen and been a victim of. Gibson stated CBI engages in a practice of hiring African American employees only for positions that have no opportunity for advancement. He mentioned he had complained prior to Lee's hiring and that Nichols and others had ignored his complaints and in some cases retaliated against others who had previously complained. Gibson also mentioned his opposition to the ongoing practice of ordering employees to clock out and continue working.

17.     Lee assisted Gibson in setting a date and time to meet with Scott to discuss his complaints.

18.     On August 22, 2019, Lee sat in when Gibson shared his concerns with Scott. Gibson indicated he felt fear that he would be retaliated against and felt that he had no one to turn to within the company. Scott took notes regarding Gibson's claims and told Lee she would report to the CEO.

19.     On August 30, 2019, Lee met with CBI's attorneys, including Benjamin Runkle. The attorneys asked Lee about Gibson's complaints of race discrimination. They

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

asked Lee, e.g., if he had witnessed or heard racial slurs used, if he had first-hand knowledge of harassment or discrimination, or if he had seen anything questionable. Lee cooperated and told them what Gibson had told him. Lee also reported his concern with the lack of African Americans in leadership positions at the company and Hogeboom's slight of Scott at the leadership conference.

20.    At the meeting, Lee also mentioned that working for his previous employer, Raytheon, he learned that it had a goal of having a ratio far more equal than CBI's 3:200 ratio of African Americans in leadership positions, with Raytheon preferring a ratio closer to the local demographics. The attorney asked Lee, pointedly, "Where is Raytheon? Are they here?" Lee believes the attorney was indicating that Lee's previous experience with an employer valuing racial diversity was irrelevant and not of interest to CBI or its leadership.

21.    On September 9, 2019, Nichols informed Lee that Scott was no longer with CBI.

22.    On September 11, 2019, Nichols and Garrett Miner met with Lee. They told Lee that Hogeboom had decided to move his team to another department and that Lee was terminated. CBI presented Lee with a severance offer and urged him to sign it immediately. He did not.

## ALLEGATIONS SPECIFIC TO JANA ZIMMERMAN

23.    Zimmerman started employment at CBI in April of 2019 as a Talent Acquisition Manager.

24.    Zimmerman's direct supervisor was Erica Scott.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ◆ Fax (Mesa): (480) 985-7552

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ◆ Fax (Mesa): (480) 985-7552

25.   Like Lee, Zimmerman reported what she reasonably believed were violations of the FLSA and other Arizona and Federal laws and was terminated almost immediately thereafter.

26.   Similarly, Zimmerman directly reported to Scott that hourly employees at CBI job sites being asked to clock out and continue working. She reported these issues to Scott during one of their weekly meetings and attempted to advocate for the hourly employees.

27.   Zimmerman also opposed CBI's recruitment process in that it did not provide for equal opportunities to recruits. For example, the HR Generalist was required to post positions of employment. Instead, the Generalist moved current employees into the spots without notifying all employees of the opportunity. This resulted in disparate treatment with employees of certain demographics being moved into better positions while other employees never even had knowledge the positions were open.

28.   Zimmerman developed a proposal to change the recruitment process to ensure fairness and equal opportunity. She made her presentation to HR Manager Teresa Steege, HR Director Garrett Miner, and her superior, Erica Scott.

29.   Zimmerman presented this proposal to CBI's executive-level decision-makers, including Hogeboom. Nichols later reported to Jana that the executive group met with Nichols, reviewed Jana's proposal, and showed positive responses to it.

30.   During her employment, Zimmerman attended weekly meetings with Scott.

31.   During these meetings, Zimmerman and Scott discussed CBI's potentially illegal conduct and how to address it.

6

32.     In retaliation against her for opposing its practices in her presentations and discussions with Scott (who also opposed illegal conduct), on September 11, 2019, CBI terminated Zimmerman's employment without cause.

33.     Not more than a few weeks prior to her termination, Zimmerman received a positive performance review for her first 90 days of employment.

34.     As of the date of this petition, CBI has withheld from Zimmerman an estimated $845 in stipends and 72 hours of PTO in final wages (worth $3,115.38, for a total of $3,960.38 in final wages).

## ALLEGATIONS SPECIFIC TO JESSICA HOSLER

35.     Hosler began working for CBI in July of 2019 as a HRIS Manager.

36.     Part of Hosler's job duties included reviewing electronic employee personnel files and payroll records and ensuring CBI was in compliance with applicable statues and regulations.

37.     Hosler discovered several violations, including that CBI was storing protected personal information including wage garnishment and child support payments, that were private and should not be contained in the personnel files. Specifically, CBI scanned these personal records, saved them as PDFs, and attached them to employees' electronic personnel files in a program called Ultipro. Anyone with "manager" system access, including all 160 managers, could view these attachments for any present or former CBI employee. CBI had no policy for how to keep employee personal information protected. This protected information was considered for annual performance reviews,

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ◆ Fax (Mesa): (480) 985-7552

promotions, demotions, transfers, and other employment decisions. The information could also be used to perpetrate identity theft.

38.     When Hosler noted these issues in CBI's personnel system, she immediately reported them to Scott. Scott and Hosler agreed the availability of the documents without protections was a violation of employee privacy. They agreed the information should be removed from the system or, at a bare minimum, should not be accessible to all managers. Scott and Hosler were very concerned.

39.     Hosler also discovered that CBI was failing to correctly calculate overtime pay. With regard to its hourly positions, the hourly rate of pay would sometimes fluctuate over the course of a normal pay period. Instead of calculating overtime at the average rate between, for example, $11/hour and $15/hour, CBI was calculating overtime based on the lower rate.

40.     Hosler reported to CBI's payroll officer and Scott regarding these potential violations.

41.     In response regarding the private information issue, CBI's payroll officer requested authority to remove certain documentation from employee records in order to increase employee privacy.

42.     At a meeting around September 2019, CBI's HR Director, Garrett Miner, admitted that he gave all of CBI's back office users access to the personnel files in order to facilitate successful completion of HR and Payroll related activities.   Hosler also discovered, around the same timeframe, manager access to UltiPro had been implemented in a way that granted access to all employee documents stored in the system. These

decisions to share employees' private information were apparently made without any due diligence or legal research, and resulted in over 150 managers, and back office users, without need to know, having access to sensitive personally identifiable information, including, but not limited to, medical marijuana prescription cards, employee medical records, fingerprint records, motor vehicle records, social security numbers, birth dates (which are used as employee login passwords), and other information.

43.     During that meeting, several employees indicated that fraud may be occurring at CBI due to the breach of private information.

44.     To Hosler's knowledge, Scott met with Nichols on or about August 30, 2019 to discuss the potential data breach of protected personal information of employees. At the time Scott was terminated on September 6, 2019, and, later when Hosler was terminated September 11, 2019, CBI had not taken any action to address these violations.

45.     On September 11, 2019, CBI terminated Hosler without cause. Like Lee and Zimmerman, Hosler had never received negative performance reviews or disciplinary charges. She had only been an employee of CBI for about three months at the time of her discharge and she had complained regarding potential legal violations very close in time to her termination.

46.     To date, CBI has withheld an estimated $470 in promised monthly stipends and 32 hours of PTO constituting wages for a total of $1,369.29.

**CAUSES OF ACTION**

**COUNT I**
**FLSA RETALIATION**
**(BY ALL PLAINTIFFS AGAINST DEFENDANT)**

9

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

47.    Plaintiffs incorporate by reference all preceding paragraphs, as if fully stated herein.

48.    Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

49.    From about July 2019 through early September 2019, each Plaintiff complained to their supervisor, Erica Scott, and others, regarding hourly employees' complaints to them about being told to clock out of the timekeeping system and continue working, resulting in withholding of wages for time worked and unpaid overtime hours.

50.    Within a two-week period after each Plaintiff's complaint, CBI terminated each of them without cause.

51.    Defendant had the reasonable assumption based on Plaintiffs' complaints that they would pursue a claim and/or complaint with the U.S. Department of Labor regarding timekeeping violations resulting in unpaid wages and overtime.

52.    As a result of Defendant's willful conduct, Plaintiffs lost their jobs and other benefits of employment.

### COUNT II
### RETALIATORY DISCHARGE IN VIOLATION OF THE ARIZONA EMPLOYMENT PROTECTION ACT
### (BY ALL PLAINTIFFS AGAINST DEFENDANT)

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

53.   Plaintiffs incorporate by reference all preceding paragraphs, as if fully stated herein.

54.   This count arises from Defendant's failure to pay Plaintiffs minimum wage and paid sick leave.

55.   ARS 23-1501, the Employment Protection Act ("EPA"), makes it unlawful for an employer to discharge an employee for "[t]he disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated... the Constitution of Arizona or statutes of this state..."   For purposes of wrongful termination claims under the EPA, it is not necessary that an actual violation of a statute occur.

56.   ARS 18-522 provides that, "[i]f a person that conducts business in this state and that owns, maintains or licenses unencrypted and non-redacted computerized personal information becomes aware of a security incident, the person shall conduct an investigation to promptly determine whether there has been a security system breach..." and "[i]f the investigation results in a determination that there has been a security system breach, the person that owns or licenses the computerized data, within forty-five days after the determination, shall: 1. Notify the individuals affected pursuant to subsection E of this section and subject to the needs of law enforcement as provided in subsection D of this section."

57.   A.R.S. § 23-355 provides:

> "[I]f an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil

> *action against an employer or former employer an amount that is treble the amount of the unpaid wages."*

58.    Plaintiffs Zimmerman and Hosler identified and opposed potential and actual data breaches of employee personal information and reported the same to CBI's leadership. Though Zimmerman and Hosler advocated for CBI to investigate and address the breach, CBI did not and, shortly thereafter, CBI terminated Zimmerman and Hosler.

59.    From about June 2019 through early September 2019, each Plaintiff reported to Erica Scott, and Scott reported to executive-level management, that CBI's hourly employees were being ordered by CBI to clock out of the time-keeping system and continue working, resulting in hours of work for which these employees were not paid.

60.    Plaintiffs were all terminated after reporting non-payment of wages as required under A.R.S. § 23-351(C), requiring that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due the employees up to that date…"

61.    Defendant's terminations of each Plaintiff were retaliatory.

62.    Defendant took adverse actions against Plaintiffs within 90 days of their complaints about hourly employees not receiving all wages due, entitling Plaintiffs to a presumption that Defendant's adverse actions were retaliation.

### COUNT III
### TITLE VII RETALIATION
### (PLAINTIFF MATTHEW LEE AGAINST DEFENDANT)

63.    Plaintiffs incorporate by reference all preceding paragraphs, as if fully stated herein.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

64.     During the course of Lee's employment with Defendant, Lee was retaliated against in violation of Title VII and subjected to less favorable terms and conditions of employment than similarly situated employees because he complained about unlawful discrimination and harassment.

65.     Specifically, Lee reported complaints from his subordinate Gibson about differential treatment based on Gibson's race and skin color. Lee met with Scott to discuss how to handle Gibson's complaints. Lee advocated for Gibson during an interview with CBI's HR representative and participated in the investigation into Gibson's complaints. Lee alleged during the investigation that he believed the management and leadership at CBI lacked diversity and that African American employees experienced differential treatment at CBI.

66.     Lee's conduct above constitutes opposition to unlawful race and color discrimination.

67.     About a week after participating in the investigation into Gibson's complaints, CBI terminated Lee.

68.     As a direct and proximate result of Defendant's violation of Lee's rights under Title VII, Lee has suffered damages including, but not limited to, lost wages, benefits, and pecuniary losses. In addition, he has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ◆ Fax (Mesa): (480) 985-7552

69.     Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Lee's rights.  Accordingly, Lee is entitled to punitive damages in an amount to be determined at trial.

## COUNT IV
## FAILURE TO PAY FINAL WAGES
## (PLAINTIFFS JANA ZIMMERMAN AND JESSICA HOSLER AGAINST DEFENDANT)

70.     Plaintiffs incorporate by reference all preceding paragraphs, as if fully stated herein.

71.     This count arises from Defendant's failure to pay Zimmerman and Hosler wages and final compensation owed to them in a timely manner.

72.     A.R.S. § 23-353(A) provides:

> *"When an employee is discharged from the service of an employer, he shall be paid wages due him within seven working days or the end of the next regular pay period, whichever is sooner."*

73.     A.R.S. § 23-353(B) provides:

> *"When an employee quits the service of an employer he shall be paid in the usual manner all wages due him no later than the regular payday for the pay period during which the termination occurred..."*

74.     A.R.S. § 23-355 provides:

> *"[I]f an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages."*

75.     Defendant was an "employer" within the meaning of A.R.S. § 23-350.

76.     Zimmerman and Hosler were "employees" from their date of hire until their termination.

77.     On September 11, 2019, Defendant terminated Zimmerman and Hosler.

78.     Defendant failed to pay Zimmerman and Hosler their final compensation by the next regularly scheduled payday.

79.     Specifically, Defendant withheld from Zimmerman's final paycheck stipends constituting wages (in the amount of $845.00) and 72 hours of PTO (worth $3,115.38, for a total of $3,960.38 in final wages).

80.     Defendant withheld from Hosler's final paycheck an estimated $470 in promised monthly stipends constituting wages and 32 hours of PTO for a total of $1,369.29.

81.     Zimmerman and Hosler are entitled to triple the amount of their unpaid wages.

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

A.     Award Plaintiffs wages due to them from Defendant, including equitable damages such as back pay, as may be determined at trial;

B.     Award Zimmerman and Hosler liquidated damages for all unpaid wages from Defendant, as may be determined at trial;

C.     Award Plaintiffs compensatory damages for emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life, as may be determined at trial;

D.     Award Plaintiffs punitive damages as may be determined at trial;

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

E.    Award Plaintiffs attorney's fees and costs incurred in the prosecution of this action;

F.    Pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

G.    Post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant; and

H.    All other relief, whether legal, equitable or injunctive, as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial.

Respectfully submitted this 8ᵗʰ day of September, 2020.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR

David Nowakowski
*Attorney for Plaintiffs*

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

David Nowakowski, Bar No. 035068
**GILLESPIE, SHIELDS,**
**GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
dnowakowski@gillaw.com
*Attorney for Plaintiff*

Please send all Court Documents to:
mailroom@gillaw.com

**COPY**

SEP – 8 2020


CLERK OF THE SUPERIOR COURT
B. BARRETT
DEPUTY CLERK

## SUPERIOR COURT OF ARIZONA
## COUNTY OF MARICOPA

JESSICA HOSLER, MATTHEW LEE, AND JANA ZIMMERMAN, individuals,

Plaintiffs,

v.

COMMUNITY BRIDGES INC., an Arizona Corporation,

Defendant.

Case No: CV 2020-055015

**CERTIFICATE OF COMPULSORY ARBITRATION**

The undersigned certifies that he or she knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this action **IS NOT** subject to compulsory arbitration, as provided in Rules 72 through 77 of the Arizona Rules of Civil Procedure.

Respectfully submitted this 8th day of September, 2020.

//

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ◆ Fax (Mesa): (480) 985-7552

1

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR

David Nowakowski
*Attorney for Plaintiffs*

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480)-985-4000 ♦ Fax (Mesa): (480) 985-7552

2

CLERK OF THE SUPERIOR COURT
FILED

SEP 1 6 2020   2:05 pm

B. Barrett, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

JESSICA HOSLER, MATTHEW LEE, AND JANA ZIMMERMAN, individuals

Case No.:   CV2020 - 055015

Plaintiffs

vs.                                                          PROOF OF SERVICE

COMMUINITY BRIDGES INC., an Arizona Corporation,

Defendant

I,        Larry White        , declare that I am a citizen of the United States, over the age of eighteen and not a party to this action and that within the boundaries of the state where service was affected, I was authorized by law to perform said service.

Received documents from: David Nowakowski, Gillespie Shields Goldfarb & Taylor; 7319 N. 16th Street, Suite 100, Phoenix, Arizona 85020
List documents to be served: 1. Summons 2. Complaint 3. Certificate Of Compulsory Arbitration
Entity/Person being served: COMMUNITY BRIDGES, INC.

### SERVICE DETAILS

By: leaving a copy of the service document with the person authorized to accept on behalf of the named being served.

Person served: Benjamin C. Runkle, Gammage & Burnham PLC, Statutory Agent authorized to accept for Community Bridges, Inc.
Address: 40 N. Central Avenue, 20th Floor, Phoenix, Arizona 85004
Date: 9/10/2020
Time: 11:19 a.m.
Additional Details:

State of Arizona
County of Maricopa

SUBSCRIBED AND SWORN to before me this 14th day of September, 2020, by the affiant.

Signature of Notary Public

LJ Legal Service
722 E. Osborn Road, #335
Phoenix, Arizona 85014

Cheryl Pritchett
Notary Public
Maricopa County, Arizona
My Comm. Expires 3-30-2021

CLERK OF THE SUPERIOR COURT
FILED
SEP 16 2020  2:05 pm
B. Barrett, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

JESSICA HOSLER, MATTHEW LEE, AND JANA ZIMMERMAN,
individuals

Case No.:    CV2020 - 055015

Plaintiffs

vs.                                                      PROOF OF SERVICE

COMMUINITY BRIDGES INC., an Arizona Corporation,

Defendant

I,      Larry White      , declare that I am a citizen of the United States, over the age of eighteen and not a party to this action and that within the boundaries of the state where service was affected, I was authorized by law to perform said service.

Received documents from: David Nowakowski, Gillespie Shields Goldfarb & Taylor; 7319 N. 16th Street, Suite 100, Phoenix, Arizona 85020
List documents to be served: 1. Summons 2. Complaint 3. Certificate Of Compulsory Arbitration
Entity/Person being served: COMMUNITY BRIDGES, INC.

### SERVICE DETAILS

By: leaving a copy of the service document with the person authorized to accept on behalf of the named being served.

Person served: Benjamin C. Runkle, Gammage & Burnham PLC, Statutory Agent authorized to accept for Community Bridges, Inc.
Address: 40 N. Central Avenue, 20th Floor, Phoenix, Arizona 85004
Date: 9/10/2020
Time: 11:19 a.m.
Additional Details:

State of Arizona
County of Maricopa

SUBSCRIBED AND SWORN to before me this __14th__ day of __September__, 2020, by the affiant.

Signature of Notary Public

LJ Legal Service
722 E. Osborn Road, #335
Phoenix, Arizona 85014

Cheryl Pritchett
Notary Public
Maricopa County, Arizona
My Comm. Expires 3-30-2021